MEMORANDUM **
Paramjit Singh Bansi, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) decision dismissing his appeal from an Immigration Judge’s denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture (“CAT”).
We lack jurisdiction to review the BIA’s determination that Bansi did not meet the one-year deadline and did not qualify for an exception to the deadline for filing his asylum application. See Ramadan v. Gonzales, 427 F.3d 1218, 1221-22 (9th Cir.2005).
We have jurisdiction over Bansi’s remaining claims under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the BIA’s decision unless the evidence compels a contrary conclusion. Malhi v. INS, 336 F.3d 989, 992-93 (9th Cir.2003). We deny the claims.
Substantial evidence supports the BIA’s denial of Bansi’s withholding of removal claim on the basis of an adverse credibility finding. Bansi’s testimony regarding whether he was a member of the All India Sikh Student Federation was internally inconsistent and inconsistent with his asylum application statement and affidavits provided by his wife, mother, and the village sarpaneh. See Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004) (inconsistencies that go to the heart of the claim form proper basis for adverse credibility finding).
Because Bansi’s claim under the CAT is based on the same testimony that the BIA found not credible, and he points to no other evidence that he could claim the BIA should have considered in making its determination under CAT, his CAT claim also fails. See Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir.2003).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9 th Cir. R. 36-3.